Michael Devin Floyd
1901 Iowa Avenue
Kenner, LA 70062
mdf3039@gmail.com
(713)562-7229

Michael Devin Floyd, IN PRO PER

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN FRANCISCO DIVISION**

| | |
|---|---|
| Michael Devin Floyd Plaintiff(s), vs. San Jose Police Department (SJPD), City of San Jose, City of San Jose City Attorney Office, Officer Joshua White of SJPD, Officer Dakota Peters of SJPD, Sergeant Eugene Ito of SJPD, Officer David Moreno of SJPD, State of California Defendant(s). | Case No.: 3:22-cv-00751-WHO **AMENDED COMPLAINT FOR VIOLATION OF CIVIL RIGHTS (non-prisoner) UNDER 42 U.S.C. § 1983** **DEMAND FOR JURY TRIAL.** |

**I.     Jurisdiction**

1

Title 42 of the United States Code Section 1983 allows claims alleging the "deprivation of any rights, privileges, or immunities secured by the Constitution and [federal laws]." The Plaintiff is suing for violations of federal constitutional or statutory right(s) by state or local officials. Those rights include, but are not limited to, the Second Amendment to the United States Constitution, Fourth Amendment to the United States Constitution, Fifth Amendment to the United States Constitution, Sixth Amendment to the United States Constitution, Eighth Amendment to the United States Constitution, and Fourteenth Amendment to the United States Constitution, along with all the decided cases in regards to these Amendments.

The Fourteenth Amendment provides all citizens with "equal protection under the laws," extending the provisions of the Bill of Rights to the states. Hence when there is a violation of the Second, Fourth, Fifth, Sixth, and Eighth Amendments to the US Constitution, there is a violation of the Fourteenth Amendment.

The Second Amendment guarantees "the right of the people to keep and bear Arms, shall not be infringed." This right was violated when the officers seized the Plaintiff's firearm.

The Fourth Amendment protects citizens against unreasonable, unconsented, warrantless searches and seizures. The Plaintiff alleges the search into the trunk of his vehicle, thus anything seized after the search into the trunk, on August 18th, 2021 by officers of the San Jose Police Department was unreasonable, thus unconstitutional. The officers did not have probable cause, a warrant, nor the Plaintiff's consent.

The Fifth Amendment and Sixth Amendment ensure due process and fair representation in a trial, among other rights. The Miranda Rights ensure suspects are knowledgeable of their Fifth and Sixth Amendment rights. Where a suspect is in custody and subjected to interrogation, or its functional equivalent, he must be clearly informed that he has the right to remain silent, the right to have

2
3:22-cv-00751-WHO
Amended Complaint for Violation of Civil Rights Under 42 USC 1983

counsel present, and that any statements made may be used as evidence against him. <u>Miranda v. Arizona (1966) 384 U.S. 436</u>. If he is not informed of these rights, any statements made during the interrogation cannot be used against him. Custody is imposed once an investigating officer physically deprives a suspect of his freedom of action in any significant way.

The Plaintiff's freedom of action was deprived when the officers placed the Plaintiff in handcuffs; thus, the Plaintiff was in custody once he was handcuffed. The Plaintiff was not read the Miranda rights while the officers interrogated him. Thus, the Fifth and Sixth Amendments were violated.

Every person in the United States has a constitutional right to be protected from the excessive force used by law enforcement as articulated in the reasonable search and seizure requirement of the Fourth Amendment, and the prohibition of cruel and unusual punishment in the Eighth Amendment in the Constitution of the United States of America. The police officers used excessive force when Officer White slammed the Plaintiff against White's vehicle, momentarily preventing the Plaintiff from unconsenting to a vehicular search.

The United States Codes that have been violated are 34 U.S.C. § 12601(a), 18 U.S.C. § 242, and 42 U.S.C. § 1981.

For 34 U.S.C. § 12601(a), a government agency (State of California, City of San Jose, San Jose Police Department) has engaged in a pattern or practice (unreasonable searches to inspect firearm) that deprives persons of rights secured or protected by the Constitution or laws of the United States (2nd, 4th, 5th, 6th Amendments).

For 18 U.S.C. § 242, whoever (State of California, City of San Jose, San Jose Police Department) under color of any law (California Penal Codes Section 25850(b)) willfully subjects any person (Plaintiff) in any State (California) to the deprivation of any rights secured or protected by the Constitution or laws of the United States (2nd, 4th, 5th, 6th Amendments) on account of such

person by reason of his color or race (Plaintiff is African American), than are prescribed for the punishment of citizens is guilty.

For 42 U.S.C. § 1981, all persons within the jurisdiction of the United States shall have the same right in every State and Territory to the full and equal benefit of all laws for the security of persons and property as is enjoyed by white citizens, and shall be subject to like punishment, pains, penalties, taxes, licenses, and exactions of every kind, and to no other. California Penal Codes Section 25850(b) was passed into law as Assembly Bill 1591, also known as the Mulford Act, with the purpose of restricting minority groups from assembling peacefully and bearing arms, clear violations of the 1st and 2nd Amendments.

## II.  Divisional Assignment

The incident involves the Plaintiff and officers of the San Jose Police Department. The traffic stop occurred in San Jose, California, which is in the county of Santa Clara. According to Civil L.R. 3-2(e): "all civil actions that arise in the counties of Santa Clara, Santa Cruz, San Benito or Monterey shall be assigned to the San Jose Division." The case was filed at the San Jose Division.

## III.  Claim of Unconstitutionality for State Statutes

Under Civil L.R. 3-8(b), the Plaintiff is claiming California Penal Codes Sections 25850(b) and 25610 are unconstitutional. The stipulations/requirements of these laws make firearms inoperable for self-defense purposes in vehicles. Also, if the suspect's refusal of a firearm inspection can create probable cause for arrest, that suspect must be aware of those consequences and the Miranda rights. The Plaintiff will attach the Racial Injustice motion filed in his defense during the criminal preliminary proceedings. The Racial Injustice motion explains in depth why the state statutes in question are unconstitutional.

According to Civil L.R. 3-8(b), since the City of San Jose, San Jose Police Department, and State of California are named as defendants, there is no additional need to file or serve any notice to this claim.

## IV.   Statement of Claim

A. Where did the events giving rise to your claim(s) occur?

The event occurred near the intersection of Saratoga Avenue and Doyle Road in San Jose, California on August 18th, 2021.

B. What date and approximate time did the events giving rise to your claim(s) occur?

The date the incident occurred was on August 18th, 2021. The approximate time the event started was 9:00 PM PST.

C. What are the facts underlying your claim(s)?

The Plaintiff made this statement: I was pulled over by the San Jose Police Department at the intersection of Saratoga Avenue and Doyle Road in San Jose, California. When asked why I was pulled over, the officer stated I do not have a front license plate on my vehicle and the vehicle matches the description of a vehicle that was involved in a weapons incident. The officers interrogated me about having a weapon in the vehicle. I informed them I had a firearm inside the vehicle. The officer attempted to check my vehicle without my consent. When I tried to refuse the search, one officer slammed me against the car and put me in handcuffs. They claimed I moved towards my vehicle and was resisting, but video evidence shows I did not. After I was detained, the officers forced me to sit or kneel on the ground. They proceeded to interrogate me. The officers never mentioned the Miranda rights. Once finished with the interrogation, they searched my vehicle without my consent. What initially

began as a safety search ended in a tireless and warrantless search. The officers found my weapon and arrested me. No one else was involved and no one else saw what happened. The four officers present: Officer Joshua White #4638, Officer Dakota Peters #4504, Officer David Moreno #3943, Sgt. Eugene Ito #3388.

D. How are the City of San Jose, the San Jose Police Department, and the State of California liable?

The State of California, City of San Jose, and the San Jose Police Department are accountable, through a Monell Claim, for the actions of its employees when following their laws. According to <u>Monell v. Department of Social Services (1978) 436 U.S. 658</u>:

> Local governments may be sued for constitutional deprivations visited pursuant to governmental custom even though such a custom has not received formal approval through the body's official decision-making channels.

As mentioned in Section III of this document, the Plaintiff claims that California Penal Codes Section 28580 is unconstitutional. The interpretation of this law by the police officers made it customary in their actions to warrantlessly search the Plaintiff's vehicle without consent or probable cause for a loaded firearm. The Plaintiff was deprived of his right to property and privacy, protected by the Second and Fourth Amendments, when the officers searched his vehicle without his consent and seized his firearm.

In addition to Section III, the Plaintiff is aware that the City of San Jose and the San Jose Police Department supports the actions of the officers during the incident and the events that transpired. I will provide an incriminating document as a sealed attachment to this amended complaint. The document is sealed due to its discovery within a Pitchess motion granted in the Plaintiff's felony pretrial defense.

In the ORDER GRANTING PLAINTIFF'S APPLICATION TO PROCEED IN FORMA PAUPERIS, Judge WILLIAM H. ORRICK ordered the Plaintiff to show:

(1) that the Plaintiff possessed a constitutional right of which he was deprived: The Plaintiff's vehicle was warrantlessly searched without his consent and his firearm was seized in accordance with the unconstitutional California Penal Code Section 25850, a violation of his 2nd, 4th, and 14th Amendment rights..

(2) that the municipality had a policy: The policy is California Penal Code Section 25850.

(3) that the policy amounted to deliberate indifference to the Plaintiff's constitutional rights: The policy amounted to officers searching with no regard to the Plaintiff's privacy. The officer was maniacal in his search, placing his hands upon all the Plaintiff's possessions. The search was a severe and time-intensive intrusion upon the Plaintiff's cherished personal security. The search was an annoying, frightening, and humiliating experience.

(4) that the policy was the moving force behind the constitutional violation: It is clear the officers felt the right to inspect a firearm in public to see if the firearm is loaded means they can conduct warrantless, vehicular searches when a firearm is present.

## V.    Injuries

The plaintiff made this statement: The physical injuries I sustained as a case of the events that occurred were due to the handcuffs. At the end of my detainment, I had very dark marks on my wrists as a result of the handcuffs. As far as mental injuries, I was traumatized by the whole incident. I feel unsafe when near police officers. I am currently in and seeking professional

counseling. So far, I have only found an online support group. As far as circumstantial injuries, I was forced to remain in California since August 20th under conditions of pretrial services. This has caused extreme hardships on myself and my family. I have lost job opportunities due to this incident. I was scheduled to work in Louisiana before this circumstance prevented me from returning. I was also denied job opportunities here in California due to the pending arrest that can be seen through a background check.

## VI.   Relief

The plaintiff (he) would like to be compensated for all sustained injuries and setbacks. He would like police to be retrained to prevent this from occurring again. He would like the statute allowing police to inspect a firearm in public revoked or revised to be in accordance with the 2nd, 4th, 5th, 6th, and 14th amendments. The plaintiff would like a total of 15 million dollars as a monetary settlement for physical, psychological, and employment damages. The physical damages include bruises from tight handcuffs (500k) and being slammed against the car (500k). Emotional and mental damages include anguish from inability to exercise 1st and 4th amendment rights when slammed against the car (2 mil), mental abuse when slammed against car (2 mil), insecurity felt after told to stop resisting and then forcefully handcuffed (2 mil), and the mental trauma caused from the coercive interrogation tactics when he was forced to kneel and answer their questions as the officers hovered over him (2 mil). Also, the fear, humiliation, and mental anguish from having the vehicle and belonging searched without consent (2 mil). As far as medical expenditures, the current cost of therapy and support groups (1k) as well as the estimated future costs of therapy and support groups (4 mil). For employment compensation, the lost job opportunities in Louisiana due to arrest for the months of September and October 2021 (7k) and the lost job opportunities from

potential employers finding a pending arrest charge during every month from November 2021 (5k per month). For the fees and legal services, the plaintiff represented himself pro per and billed 350 per hour for every hour since August 2021 (approximately 35 hours per week). The plaintiff was detained for two days from August 18-20, 2021 (1k).

### VII.   Trial by Jury

The Plaintiff demands a jury trial as provided in Fed. R. Civ. P. 38(b).

DATED: March 4, 2022

_____
                                Michael Devin Floyd

## VIII.  Defendants' Known Contact Information

1. San Jose Police Department

    Police Department

    201 West Mission Street

    San Jose, CA 95110

    Santa Clara County

    (408)277-8900

    Sued under Individual and Official Capacity

2. City of San Jose

    City Clerk

    200 E. Santa Clara St., 14th Floor

    San Jose, CA 95113

    Santa Clara County

    (408)535-1260

    city.clerk@sanjoseca.gov

    Sued under Individual and Official Capacity

3. City of San Jose

    Office of the City Attorney

    200 E. Santa Clara St., 16th Floor

    San Jose, CA 95113

    Santa Clara County

    (408)535-1900

cao.main@sanjoseca.gov

Sued under Individual and Official Capacity

4. Officer Joshua White, #4638

   San Jose Police Department

   Sued under Individual Capacity and Official Capacity

5. Officer Dakota Peters, #4504

   San Jose Police Department

   Sued under Individual Capacity and Official Capacity

6. Officer David Moreno, #3943

   San Jose Police Department

   Sued under Individual Capacity and Official Capacity

7. Sergeant Eugene Ito, #3388

   San Jose Police Department

   Sued under Individual Capacity and Official Capacity

8. State Of California

   Office of the Attorney General

   455 Golden Gate Avenue, Suite 11000

   San Francisco, CA 94102-7004

   (415) 510-4400

   AGelectronicservice@doj.ca.gov

   Sued under Individual Capacity and Official Capacity