Michael Devin Floyd
1901 Iowa Avenue
Kenner, LA 70062
mdf3039@gmail.com
(713)562-7229

Michael Devin Floyd, IN PRO PER

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION

| | |
|---|---|
| Michael Devin Floyd                    )<br>                                                      )<br>                    Plaintiff(s),      )<br>                                                      )<br>       vs.                                        )<br>                                                      )<br>                                                      )<br>San Jose Police Department (SJPD), )<br>City of San Jose,                        )<br>City of San Jose City Attorney Office, )<br>Officer Joshua White of SJPD,   )<br>Officer Dakota Peters of SJPD,  )<br>Sergeant Eugene Ito of SJPD,    )<br>Officer David Moreno of SJPD,   )<br>State of California                      )<br>                                                      )<br>                    Defendant(s).      ) | Case No.: 3:22-cv-00751-WHO<br><br>**Response to San Jose Defendants' Motion to Dismiss Plaintiff's First Amended Complaint Along with Memorandum of Points and Authorities in Support Thereof**<br><br><br>Date: June 29th, 2022<br>Time: 2:00 PM<br>Dept: 2<br>Judge: Hon. William H. Orrick<br>Trial Date: N/A<br>Action Filed: Feb 04, 2022 |

   The Plaintiff has crafted this response in opposition to the San Jose Defendants' (SJD') Motion to

Dismiss Plaintiff's First Amended Complaint, and in support of the Plaintiff's Amended Complaint.

# TABLE OF CONTENTS

**Page**

I. Noted Inaccuracies in Motion to Dismiss……………………………………….5

    A. Plaintiff was Alleged to Have Pointed a Gun at Someone…………………….....5

    B. Plaintiff was Slammed into the Vehicle Before Denying
       Consent……………………………………………………………………………..6

    C. Plaintiff is Being Criminally Charged Under California
       Penal Codes § 25400 and 245……………………………………………………..6

    D. Younger v. Harris,
       401 U.S. 37, 91 S. Ct. 746, 27 L. Ed. 2d 669 (1971).................................................6

II. Procedural History…………………………………………………………...…..6

III. Younger Abstention.......................................................................................................7

    A. The Plaintiff is Barred from Litigating Federal
       Constitutional Issues in the State Proceeding............................................................7

    B. The Court Proceedings Initiated by the State Have Not Been
       Impartial……………………………………………………………………….…..8

IV. Opposition to Fed. R. Civ. P. 12(b)(6)……………………………………........11

    A. There are no grounds to dismiss under
       Fed. R. Civ. P. 12(b)(6)………………………………………………………..…11

    B. All Officers at Present are Responsible for any Violation of Civil
       Rights…………………………………………………………………………….11

    C. Naming of officers in direct violation.................................................................12

    D. Monell Claim is Adequately Pleaded……………………………………….13

V. Conclusion.................................................................................................................13

# TABLE OF AUTHORITIES

**Page**

**CASES**

*Younger v. Harris*
    401 U.S. 37, 91 S. Ct. 746, 27 L. Ed. 2d 669 (1971)..................................................6,7,8,13

*Middlesex County Ethics Comm. v. Garden State Bar Ass'n*
    457 U.S. 423, 435, 102 S.Ct. 2515, 73 L.Ed.2d 116 (1982)..................................................8

*Bordenkircher v. Hayes*
    434 U.S. 357, 363 [98 S.Ct. 663, 668, 54 L.Ed.2d 604] (1978)..........................................9

*Lujano v. County of Santa Barbara*
    190 Cal.App.4th 801 (2010)................................................................................................12

*O'Neill v. Krzeminski*
    839 F.2d 9 (2d Cir. 1988)....................................................................................................12

*Monell v. Department of Social Services*
    (1978) 436 U.S. 658…………………………………………………………………….13

**STATUTES**

United States Code, Title 42
    § 1983……………………………………………………………………………………11

California Code of Civil Procedure
    § 170.1....................................................................................................................................9
    § 170.3....................................................................................................................................9
    § 170.6..................................................................................................................................10
    § 663....................................................................................................................................10
    § 2030.26..............................................................................................................................10

California Constitution
    Article III
        § 3.5……………………………………………………………………………….7

California Evidence Code
    § 1200……………………………………………………………………………………..11

# TABLE OF AUTHORITIES
## (continued)

**Page**

California Penal Code
  § 245(a)(2)..................................................................................................6,8
  § 417(a)(2)...................................................................................................8
  § 25400(a)(1)...............................................................................................6

**CONSTITUTIONAL PROVISIONS**

United States Constitution
  Second Amendment....................................................................................12
  Fourth Amendment.....................................................................................12
  Fifth Amendment........................................................................................12
  Sixth Amendment.......................................................................................12
  Eighth Amendment.....................................................................................12
  Fourteenth Amendment...............................................................................13

**COURT RULES**

Federal Rules of Civil Procedure
  12(b)(6).......................................................................................................11

## I. Noted Inaccuracies in Motion to Dismiss

**A. Plaintiff was Alleged to Have Pointed a Gun at Someone**

In the Motion to Dismiss the Plaintiff's First Amended Complaint, the San Jose Defendants (SJD) claims the Plaintiff pointed his gun at someone. (ECF No. 35 (MTD-SJD) at 8-3.) This is not a fact. A reporting party (RP) alleged that the Plaintiff pointed a gun at the RP. The Plaintiff did not point a gun at the RP; in fact, the Plaintiff exhausted his resources attempting to prove his innocence, where the prosecution did little to prove his guilt. The Plaintiff will attach the Motion to Compel Discovery he filed in his defense. (Exhibit 1). In that motion, the Plaintiff discussed the drastic measures he took to secure the parking lot's video surveillance footage from Planet Fitness; this is where the incident was reported to have occurred.

The Plaintiff called Planet Fitness the following week after the incident, requesting the video footage. Planet Fitness informed the Plaintiff they could only deliver the video to the police officers. As seen from the attached emails and phone records, the Plaintiff attempted to have the police officers, public defender's office, and District Attorney's office retrieve the video footage. He remained in conversation with Planet Fitness, calling them at least twice a week for months. He even filed and served a subpoena to Planet Fitness. To no avail, none of these endeavors worked. What was even more surprising is that the District Attorney's office decided to amend the misdemeanor complaint to a felony without securing the video. More detailed information about the Plaintiff's endeavors to retrieve the footage is in the attached Motion to Compel Discovery. (Exhibit 1).

The Plaintiff will also attach the courtroom transcript of the first preliminary hearing's afternoon session; when the Plaintiff cross-examined the RP, the RP flatly stated he did not remember whether the Plaintiff actually pointed the gun at him. (Exhibit 2 at 18). The first session of the preliminary hearing took place on March 18th, 2022. The part where the RP confesses that he "does not

remember" if I pointed a gun at him is on page 18. As mentioned before, the Plaintiff made drastic efforts to obtain the parking lot surveillance video.

### B. Plaintiff was Slammed into the Vehicle Before Denying Consent

The SJD stated in their Motion to Dismiss "After refusing to provide consent to search his vehicle, Plaintiff alleges he was slammed against his car and put in handcuffs." (ECF No. 35 (MTD-SJD) at 9-11.) The SJD were attempting to paraphrase what the Plaintiff described about the incident in the Amended Complaint. That, however, was not what the Plaintiff states in the Amended Complaint. The officers slammed the Plaintiff into the police vehicle before the Plaintiff was able to refuse the search, in what seemed like an attempt to prevent the Plaintiff from refusing the search.

### C. Plaintiff is Being Criminally Charged Under California Penal Codes § 25400 and 245

The Plaintiff is facing criminal charges and is currently in the Preliminary proceedings. The complaint alleges the Plaintiff violated California Penal Code § 25400(a)(1), felony complaint carrying a concealed and loaded weapon inside a vehicle, and California Penal Code § 245(a)(2), assault with a firearm. The Defendant inaccurately cited the complaint.

### D. Younger v. Harris, 401 U.S. 37, 91 S. Ct. 746, 27 L. Ed. 2d 669 (1971)

The Younger Abstention doctrine comes from *Younger v. Harris, 401 U.S. 37, 91 S. Ct. 746, 27 L. Ed. 2d 669 (1971)*. The Defendant inaccurately cited the case.

## II. Procedural History

Plaintiff commenced this action on February 4, 2022, with the filing of the original complaint. (ECF No. 1.) The Court dismissed Plaintiff's complaint with leave to amend to clarify several issues. (ECF No. 10.) Plaintiff filed the operative complaint on March 10, 2022. (ECF No. 14.) The First Amended Complaint named additional defendants, including the Attorney General of California in his official and individual capacity. (Id. at 11; ECF No. 16.) The San Jose Defendants

filed the Motion to Dismiss Plaintiff's First Amended Complaint on May 4th, 2022. (ECF No. 35 (MTD-SJD))

## III.   Younger Abstention

"The Younger abstention doctrine requires federal courts to abstain from exercising jurisdiction in cases where there are parallel state proceedings arising out of the same subject matter, where decisions in the civil suit may overlap with the state criminal proceedings." (ECF No. 35 (MTD-SJD) at 8-5.)

The San Jose Defendants request, under the doctrine of Younger abstention, for the delayment of this case. Under *Younger v. Harris, 401 U.S. 37, 91 S. Ct. 746, 27 L. Ed. 2d 669 (1971)*, the Supreme Court noted that the possible unconstitutionality of a statute should not lead federal courts to enjoin the state proceedings.

### A. The Plaintiff is Barred from Litigating Federal Constitutional Issues in the State Proceeding

The Plaintiff has attempted to litigate the federal constitutional issues in his defense during the ongoing criminal proceedings. The Plaintiff filed his "Racial Injustice Motion" in his defense outlining the constitutional problems with the current California firearm laws. The Plaintiff attached this motion to the Amended Complaint. (ECF No. 14-1 (FAC)). That motion was heard and denied during the criminal proceedings on February 14, 2022. The presiding Judge Jessica Delgado ruled the requested information unavailable or too broad in scope.

It was also mentioned decisions regarding the unconstitutionality of a law are decisions made by the appellate courts of California. Under California Constitution Article III § 3.5, it states that the laws of California must be enforced and only appellate courts can declare laws unconstitutional.

The Plaintiff has exhausted all current avenues to seek remedy, in his defense, from the unconstitutional firearm laws.

### B. The Court Proceedings Initiated by the State Have Not Been Impartial

An exception to that general rule exists if there is a "showing of bad faith, harassment, or some other extraordinary circumstance that would make abstention inappropriate." *Middlesex County Ethics Comm. v. Garden State Bar Ass'n, 457 U.S. 423, 435, 102 S.Ct. 2515, 73 L.Ed.2d 116 (1982)*.

The state-initiated court proceedings the Defense refers to for the abstention under *Younger* have not been impartial for the Plaintiff's defense against the criminal charges. Due process and California laws have been violated on numerous occasions. The Plaintiff will state his reasons here, along with providing attachments as needed.

1. The Plaintiff was alleged he 'pointed a gun' at the reporting party. The Plaintiff sought the aid of a private investigator through the County of Santa Clara's Public Defender's office for the video surveillance footage of the parking lot where the incident was said to have occurred. That private investigator, Kathryn Zorb, informed the Plaintiff she was looking at the footage, yet never procured the footage. This was documented in the Plaintiff's Motion to Compel Discovery filed in his defense. (Exhibit 1).

2. From the 'point the gun' allegation, the District Attorney amended the misdemeanor charge California Penal Code § 417(a)(2) to a felony charge California Penal Code § 245(a)(2). What's controversial about this amendment was that the DA sent the notice to the Plaintiff within 2 minutes of the DA's response to the Plaintiff's Motion to Suppress Evidence. It gave the impression the amendment was a part of the DA's response, therefore the charge was increased when the Plaintiff exercised a procedural right. The Plaintiff filed a Motion to Dismiss for Vindictive Prosecution. This motion was denied, based on the predetermination that amending charges in the preliminary stages has never been declared unconstitutional before in California. But, the definition of vindictive prosecution forbids creating the

"presumption" of vindictiveness to ensure due process, at any stage of proceedings. "To punish a person because he has done what the law plainly allows him to do is a due process violation 'of the most basic sort.'" *Bordenkircher v. Hayes, 434 U.S. 357, 363 [98 S.Ct. 663, 668, 54 L.Ed.2d 604] (1978).*

3. The Superior Court County of Santa Clara filing system began refusing to file/accept motions written in the Plaintiff's defense. The presiding Judge Cynthia Sevely ordered a motions hearing on February 14, 2022. A different judge presided over the motions hearing. During this motions hearing, the presiding Judge Jessica Delgado made the Plaintiff feel uncomfortable. The Plaintiff decided to recuse Judge Delgado, along with Judge Sevely, through a Motion for Peremptory Challenge at the next hearing. During this hearing, presiding Judge Sevely informed the Plaintiff only one judge could be recused through the Motion for Peremptory Challenge. The Plaintiff chose to exercise it on Judge Sevely at the current moment.

After this hearing, the Plaintiff drafted a different motion to get Judge Delgado recused under California Code of Civil Procedure § 170.1, 170.3. (Exhibit 3) But, when the Plaintiff attempted to file the motion, it was denied in the filing system. The courthouse refused to file it in the system, stating the motion must be served to Judge Delgado's clerk. While serving the judge's clerk is necessary, it is also necessary the motion is filed in the filing system. Cal. CCP § 170.3.

The proper procedure for this motion is filing the motion with the court system and serving all parties. The judge has 10 days to respond. If recusal is not agreed upon, a neutral judge determines the recusal. Cal. CCP § 170.3. Instead of these events occurring, the filing was not accepted and Judge Delgado issued an improper order striking the recusal motion. (Exhibit 4). The Plaintiff drafted another recusal motion. (Exhibit 5). The filing was not

accepted and the Plaintiff served it to Judge Delgado's clerk. Judge Delgado issued another improper order striking the recusal motion; the second order was untimely, so the judge <u>should</u> be recused. (Exhibit 6).

4. The Plaintiff was not allowed another motions hearing. Requests to be put on calendar for the motions hearing department have been denied and rejected from the filing system. (Exhibit 7).

5. Other motions have not been properly filed nor executed. The Plaintiff drafted a Motion to Set Aside under Cal. CCP § 663 for Judge Sevely's ruling of the Peremptory Challenge. (Exhibit 8). The Peremptory Challenge clause, under Cal. CCP § 170.6, allows for one Peremptory Challenge. It does not state specifically there could only be one judge named in that Challenge. The Plaintiff stated two judges in his Peremptory Challenge, but Judge Sevely informed the Plaintiff he could only recuse one judge. The Motion to Set Aside was rejected in the filing system. Custom procedure under CCP § 663 is for the motion to be filed, responded to, and heard during a motions hearing. This did not happen; the Plaintiff's filing stayed "Under Review" for a week.

The Plaintiff went to the courthouse to understand the problem with the "Under Review" filing. At the courthouse, the Plaintiff was provided an order from Judge Nishigaya denying the Motion to Set Aside. The Plaintiff has never met Judge Nishigaya. The Plaintiff did not receive a proper hearing for the motion. The motion was rejected in the filing system shortly after the Plaintiff left the courthouse. (Exhibit 7).

6. The Plaintiff sent the District Attorney an interrogatory, requesting questions to be answered about the Body Worn Camera footage. The Plaintiff believes the Body Worn Camera footage was altered and the DA's testimony prior to the alteration would prove it. The District Attorney did not answer the interrogatory within 30 days, a violation of Cal. CCP § 2030.26.

The Plaintiff drafted a Motion to Compel Discovery of the Interrogatory (Exhibit 9), but this was rejected in the filing system. (Exhibit 7).

7. During the second session of the preliminary hearing on May 12th, 2022, while the Plaintiff was cross-examining Officer White, the Plaintiff attempted to introduce Officer White's police report into evidence. The presiding Judge Elizabeth Peterson informed the defendant the police report was hearsay and inadmissible as evidence. The Plaintiff, during lunch break, researched the California laws on hearsay evidence. Since the police officer was a testifying witness, his police report is admissible as evidence. (California Evidence Code § 1200). After the lunch break, the Plaintiff informed Judge Peterson of the admissible evidence. Judge Peterson still did not allow the evidence to be admitted.

## IV.   Opposition to Fed. R. Civ. P. 12(b)(6)

### A. There are no grounds to dismiss under Fed. R. Civ. P. 12(b)(6)

The Plaintiff has written why the grounds for dismissal stated by the San Jose Defendants in their Motion to Dismiss under Fed. R. Civ. P. 12(b)(6) are inadequate. The San Jose Defendants mention reasons almost identical to the reasons mentioned by the State of California Defendant. The Plaintiff will not readdress the same issues, but will reference the section in the Response to State Of California's Motion to Dismiss Plaintiff's First Amended Complaint. (ECF No. 41 (Opp-MTD-SOC) at 6-3.).

### B. All Officers at Present are Responsible for any Violation of Civil Rights

The Plaintiff quotes Martin Luther King, Jr., when he stated, "The ultimate tragedy is not the oppression and cruelty by the bad people but the silence over that by the good people." Court cases have ruled that at-present officers have a duty to intervene when constitutional rights are violated. For purposes of a claim of excessive force in an arrest under Federal law 42 U.S.C. § 1983 or California state law, an officer's duty to intervene does not arise until a person's constitutional rights

are being violated in the officer's presence and there must be sufficient time to do so. *Lujano v. County of Santa Barbara, 190 Cal.App.4th 801 (2010), O'Neill v. Krzeminski, 839 F.2d 9 (2d Cir. 1988).*

Since all officers were present, all officers shared the duty to intervene, even if not directly responsible for the constitutional violation.

**C. Naming of officers in direct violation**

The violation of the Second Amendment occurred when Officer Peters seized the Plaintiff's firearm. The other officers detained the Plaintiff while this occurred. They are also responsible.

The violation of the Fourth Amendment occurred when Officer Peters searched the car past the point of a 'public safety' check. After searching areas easily accessible to the driver, Officer Peters continued the search into all areas of the vehicle. The search past the easily accessible areas requires probable cause. The other officers detained the Plaintiff while this occurred. Those officers are also responsible.

The Miranda Rights were not read to the Plaintiff when he was questioned by the officers. The questioning was not brief or informal. Officer Peters accused the Plaintiff of committing false crimes while Officer White held the Plaintiff's arms behind his back. Then, Officer White slammed the Plaintiff against the car and placed the Plaintiff in handcuffs. Even after this and further questioning, the Plaintiff was not read the Miranda Rights. If any statements made by the Plaintiff are used inside courts of law, the officers had aided in violations of the Plaintiff's Fifth and Sixth Amendment right.

Officer White slammed the Plaintiff into White's police car, violating the Plaintiff's Fourth and Eighth Amendment rights. The officers present who did not intervene were Officer Peters and Officer Moreno.

Because all officers violated Amendments under the Bill of Rights, all officers also violated the 14th Amendment.

### D. Monell Claim is Adequately Pleaded

The *Monell* Claim is adequately pleaded. (*Monell v. Department of Social Services (1978) 436 U.S. 658*). The California gun laws in question have been there for over half a century. Again, the San Jose Defendants mention reasons against the *Monell* Claim almost identical to the reasons mentioned by the State of California Defendant. The Plaintiff will not readdress the same issues, but will reference the section in the Response to State Of California's Motion to Dismiss Plaintiff's First Amended Complaint. (ECF No. 41 (Opp-MTD-SOC) at 9-21.).

Also, the document filed under seal proves the City of San Jose and the San Jose Police Department support the actions of the officers. The document should not require a File Under Seal; there is nothing confidential within the document. An unnecessary Protective Order is the reason the document is Filed Under Seal.

## V. Conclusion

There are no grounds for dismissal. The *Younger* abstention does not apply in this instance. Due process has been violated within state courts. All claims against each Defendant have been adequately pleaded.

DATED: May 17, 2022

_____
Michael Devin Floyd