Michael Devin Floyd
1901 Iowa Avenue
Kenner, LA 70062
mdf3039@gmail.com
(713)562-7229

Michael Devin Floyd, IN PRO PER

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN FRANCISCO DIVISION**

| | |
|---|---|
| Michael Devin Floyd<br><br>　　　　　Plaintiff(s),<br><br>vs.<br><br>San Jose Police Department (SJPD),<br>City of San Jose,<br>City of San Jose City Attorney Office,<br>Officer Joshua White of SJPD,<br>Officer Dakota Peters of SJPD,<br>Sergeant Eugene Ito of SJPD,<br>Officer David Moreno of SJPD,<br>State of California<br><br>　　　　　Defendant(s). | Case No.: 3:22-cv-00751-WHO<br><br>**Motion to Strike Defendants' Younger Abstention Pleadings in Reply to Dismissal Under Fed. R. Civ. P. 12(f)(2) Along with Memorandum of Points and Authorities in Support Thereof**<br><br>Date: June 29th, 2022<br>Time: 2:00 PM<br>Dept: 2<br>Judge: Hon. William H. Orrick<br>Trial Date: N/A<br>Action Filed: Feb 04, 2022 |

　　The Plaintiff motions to strike comments in the pleadings of the Defendants' Reply for their Motion to Dismiss for Younger abstention. (ECF No. 45 (Reply-MTD-SJD)) The Plaintiff files this motion under Fed. R. Civ. P. 12(f)(2).

# TABLE OF CONTENTS

**Page**

I.   Assigning Guilt to Each Individual Officer...................................................................4

    A.  Officer Recognition Unknown at the Time..........................................................4

II.  Younger Abstention Strikes............................................................................................4

    A.  Plaintiff never cited California Civil Code;
       Plaintiff used California Code of Civil Procedure
       in Criminal Proceedings........................................................................................4

    B.  All Referenced Judge Recusal Motions by the
       Defense were Improperly Handled, not
       Denied....................................................................................................................4

    C.  None of the Plaintiff's Motions in the Criminal
       Proceedings have been Improperly Filed.............................................................5

III. Conclusion.......................................................................................................................5

# TABLE OF AUTHORITIES

**Page**

**CASES**

*Younger v. Harris*
    401 U.S. 37, 91 S. Ct. 746, 27 L. Ed. 2d 669 (1971)................................................................6

**STATUTES**

California Civil Code................................................................................................................4

California Code of Civil Procedure......................................................................................4,5

**COURT RULES**

Federal Rules of Civil Procedure
    12(f)(2)......................................................................................................................1
    12(e).........................................................................................................................4

## I. Assigning Guilt to Each Individual Officer

### A. Officer Recognition Unknown at the Time

At the time the Complaint was filed, the Plaintiff did not know the positioning of the officers during the traffic stop on August 18, 2021. The Plaintiff only knew the names of the officers present. If the Defendants need clarity in this issue, the Defendants can Motion for a More Definitive Statement under Fed. R. Civ. P. 12(e).

## II. Younger Abstention Strikes

### A. Plaintiff never cited California Civil Code; Plaintiff used California Code of Civil Procedure in Criminal Proceedings

In the Defendants' Reply for their Motion to Dismiss for Younger Abstention, the Defendants' argue that the Plaintiff used the California Civil Code in criminal proceedings and the California Civil Code is inapplicable to criminal proceedings. (ECF No. 45 (Reply-MTD-SJD) at 2-18.) This is a false statement; the Plaintiff <u>NEVER</u> used the California Civil Code in any of the Plaintiff's motions filed in his defense. The Plaintiff used the California Code of Civil Procedure, which is applicable in some instances to criminal proceedings. All motions using the California Code of Civil Procedure properly cited the California Code of Civil Procedure. None of the Plaintiff's motions were denied due to improper use of California Law. There is a difference between the California Civil Codes and the California Codes of Civil Procedure.

### B. All Referenced Judge Recusal Motions by the Defense were Improperly Handled, not Denied

In the Defendants' Reply for their Motion to Dismiss for Younger Abstention, the Defendants' argue the Plaintiff's First Judge Recusal Motion, Second Judge Recusal Motion, and Motion to Set Aside Peremptory Challenge were denied. (ECF No. 45 (Reply-MTD-SJD) at 2-21.) This is a false

statement; the two Judge Recusal motions filed to recuse Judge Delgado were struck down by Judge Delgado and the Motion to Set Aside the Peremptory Challenge was ruled on without a proper hearing, a violation of California Code of Civil Procedure. None of those motions were accepted into the court's filing system, violating California Law and the Plaintiff's due process.

In regards to the two Judge Recusal motions, the Defendants' state those recusal motions were denied because the Plaintiff attempted to recuse Judge Delgado based on her rulings on previous motions. (ECF No. 45 (Reply-MTD-SJD) at 2-21.) The problem with this statement is that nowhere in either of the two recusal motions does the Plaintiff ever refer to Judge Delgado's rulings as the reason for recusal. But, the Defendants cite this in their Reply to their Motion to Dismiss. This is all already mentioned in the Plaintiff's Opposition to the San Jose Defendants' Motion to Dismiss. (ECF No. 42 (Opp-MTD-SJD) at 9-4.)

The Plaintiff has already informed the court about the improper court proceedings in regards to the Motion to Set Aside the Peremptory Challenge. The Set Aside motion was never accepted by the court's filing system. Then, the Set Aside motion was denied through an order provided to the Plaintiff from the clerk. This is not the proper procedure for Set Aside motions. This is mentioned in the Plaintiff's Opposition to the San Jose Defendants' Motion to Dismiss. (ECF No. 42 (Opp-MTD-SJD) at 10-6.)

**C. None of the Plaintiff's Motions in the Criminal Proceedings have been Improperly Filed**

In the Defendants' Reply for their Motion to Dismiss for Younger Abstention, the Defendants' state that the Plaintiff has improperly filed motions in the criminal proceedings. (ECF No. 45 (Reply-MTD-SJD) at 3-4.) This is a false statement. The Plaintiff has not improperly filed any motions in the criminal proceedings.

### III. Conclusion

Plaintiff's due process in the criminal proceedings mentioned for Younger abstention have been violated by the District Attorney, the court's filing system, the clerk, and a couple of judges. These arguments were mentioned in the Plaintiff's Opposition to the San Jose Defendants' Motion to Dismiss. (ECF No. 42 (Opp-MTD-SJD) at 8-1.)  Abstention under *Younger* should not be granted. *Younger v. Harris, 401 U.S. 37, 91 S. Ct. 746, 27 L. Ed. 2d 669 (1971)*.

DATED: June 7, 2022

_____

Michael Devin Floyd