UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL DEVIN FLOYD,<br><br>    Plaintiff,<br><br>    v.<br><br>SAN JOSE POLICE DEPARTMENT, et al.,<br><br>    Defendants. | Case No. 22-cv-00751-WHO<br><br>**ORDER GRANTING MOTIONS TO DISMISS IN PART AND STAYING CASE**<br><br>Re: Dkt. Nos. 15, 34, 35, 46, 47 |

## INTRODUCTION

Plaintiff Michael Devin Floyd brings this action arising from alleged excessive force and other constitutional violations occurring during his arrest in San Jose while the criminal case against him is pending. *Younger* abstention applies and I must enter a stay so that I do not interfere with the state proceeding. In addition, some of the claims against the State of California and the Attorney General must be dismissed with prejudice in accordance with existing law and precedent because they are futile.

## BACKGROUND

Floyd was pulled over in his car by officers of the San Jose Police department on August 18, 2021. First Amended Complaint ("FAC"), Dkt. No. 14 at 2. He alleges that the stop, the officers' search of his car, his arrest without being advised of his *Miranda* rights, and the manner of his arrest (the use of excessive force and the seizure of his gun), violated his Second, Fourth, Fifth, Sixth, Eighth, and Fourteenth Amendment rights under the United States Constitution. He filed his original complaint February 4, 2022, and his FAC March 10, 2022 naming two sets of defendants: (i) the "San Jose Defendants" (San Jose Police Department, City of San Jose, City of San Jose City Attorney Office, Officer Joshua White of SJPD, Officer Dakota Peters of SJPD, Sergeant Eugene Ito of SJPD, and Officer David Moreno of SJPD), and (ii) the "State of

California." *See* FAC. In addition to the allegations regarding violations of his constitutional rights, Floyd also challenges the constitutionality of California Penal Code sections 25610[1] and 25850.[2]

Documents attached to the FAC, and incorporated therein, provide additional judicially noticeable facts; Floyd was allegedly pulled over by police as a result of a call from a third-party claiming that Floyd had a gun and that he pointed it at the complaining third-party. *See* Dkt. No. 14-1 ("*People of the State of California v. Michael Devin Floyd*, Felony Complaint, Case No. C2111237"). According to the Request for Judicial Notice filed by the San Jose Defendants [Dkt. No. 36, Ex. A],[3] Floyd was charged by the State of California with violation of California Penal Code sections 25400(a)(1) – for carrying a concealed firearm in a vehicle and defendant not registered owner of the firearm – and 417(a)(2) – for "exhibiting" the firearm in the presence of the third-party who called the police. The state court criminal proceedings are pending. *Id*., Ex. C.

Floyd alleges he sustained significant physical and mental injuries as a result of the constitutional violations identified in his FAC, and has been forced to remain in California "under

---

[1] Cal. Penal Code § 25610 provides: "(a) Section 25400 shall not be construed to prohibit any citizen of the United States over the age of 18 years who resides or is temporarily within this state, and who is not prohibited by state or federal law from possessing, receiving, owning, or purchasing a firearm, from transporting or carrying any pistol, revolver, or other firearm capable of being concealed upon the person, provided that the following applies to the firearm: (1) The firearm is within a motor vehicle and it is locked in the vehicle's trunk or in a locked container in the vehicle. (2) The firearm is carried by the person directly to or from any motor vehicle for any lawful purpose and, while carrying the firearm, the firearm is contained within a locked container."

[2] Cal. Penal Code § 25850 provides in part: "§ 25850. Carrying a loaded firearm in public; examination of firearm by peace officer; punishment; arrest without warrant. (a) A person is guilty of carrying a loaded firearm when the person carries a loaded firearm on the person or in a vehicle while in any public place or on any public street in an incorporated city or in any public place or on any public street in a prohibited area of unincorporated territory. (b) In order to determine whether or not a firearm is loaded for the purpose of enforcing this section, peace officers are authorized to examine any firearm carried by anyone on the person or in a vehicle while in any public place or on any public street in an incorporated city or prohibited area of an unincorporated territory. Refusal to allow a peace officer to inspect a firearm pursuant to this section constitutes probable cause for arrest for violation of this section." (West)

[3] The Request for Judicial Notice seeking notice of charging and case status documents filed in the criminal case is GRANTED.

2

pretrial services" while his state court criminal prosecution proceeds. *Id*. at 7-8. As a result, Floyd seeks fifteen million dollars in damages to compensate him for physical, psychological, and employment damages from the excessive force during arrest and employment compensation for lost job opportunities in his home state of Louisiana, and legal fees in connection with his pro se representation. *Id*. at 8-9.

The California Attorney General moves to dismiss all of the claims asserted against him and the State of California as barred by the Eleventh Amendment and as otherwise not cognizable. California Motion to Dismiss ("CA MTD," Dkt. No. 34-1). The Attorney General does not move to dismiss or otherwise challenge as a matter of pleading Floyd's Second Amendment claim, to the extent it seeks declaratory or injunctive relief, challenging California Penal Code sections 25610 and 25850. *Id*. at 7-8. The San Jose Defendants move to dismiss or stay this case under the *Younger* doctrine given that Floyd's criminal charges are still pending. In the alternative, they move to dismiss the claims asserted against the individual officers for failure to allege sufficient facts regarding the role of each in the events complained of and contend that Floyd does not adequately allege a *Monell* claim. Dkt. No. 35. The Attorney General joins the San Jose Defendants' motion for *Younger* abstention to stay the case. Dkt. No. 46.

**LEGAL STANDARD**

Under FRCP 12(b)(6), a district court must dismiss a complaint if it fails to state a claim upon which relief can be granted. To survive a Rule 12(b)(6) motion to dismiss, the plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible when the plaintiff pleads facts that "allow the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation omitted). There must be "more than a sheer possibility that a defendant has acted unlawfully." *Id*. While courts do not require "heightened fact pleading of specifics," a plaintiff must allege facts sufficient to "raise a right to relief above the speculative level." *See Twombly*, 550 U.S. at 555, 570. In deciding whether the plaintiff has stated a claim upon which relief can be granted, the Court accepts the plaintiff's allegations as true and draws all reasonable inferences in favor of the

3

plaintiff. *See Usher v. City of Los Angeles*, 828 F.2d 556, 561 (9th Cir. 1987). However, the court is not required to accept as true "allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *See In re Gilead Scis. Sec. Litig.*, 536 F.3d 1049, 1055 (9th Cir. 2008).

*Younger* abstention "is a jurisprudential doctrine rooted in overlapping principles of equity, comity, and federalism." *San Jose Silicon Valley Chamber of Com. Political Action Comm. v. City of San Jose*, 546 F.3d 1087, 1091 (9th Cir. 2008) (citations omitted). Federal courts "must abstain under *Younger* if four requirements are met: (1) a state-initiated proceeding is ongoing; (2) the proceeding implicates important state interests; (3) the federal plaintiff is not barred from litigating federal constitutional issues in the state proceeding; and (4) the federal court action would enjoin the proceeding or have the practical effect of doing so, *i.e.*, would interfere with the state proceeding in a way that *Younger* disapproves." *Id*. at 1092.

There are exceptions to *Younger*. The Tenth Circuit in *Phelps v. Hamilton*, 59 F.3d 1058 (10th Cir. 1995) described *Younger* abstention as inappropriate where plaintiffs show that the state court proceedings are: "(1) [] frivolous or undertaken with no reasonably objective hope of success,[] (2) [] motivated by the defendant's suspect class or in retaliation for the defendant's exercise of constitutional rights, [] and (3) [] conducted in such a way as to constitute harassment and an abuse of prosecutorial discretion, typically through the unjustified and oppressive use of multiple prosecutions." *Id*. at 1065 (internal citations omitted). Exceptions to *Younger* abstention, however, are "narrow" and a plaintiff "must provide something more than conclusory allegations that the state proceeding is the product of bad faith or harassment." *Scarlett v. Alemzadeh*, 19-CV-07466-LHK, 2020 WL 3617781, at *5 (N.D. Cal. July 2, 2020).

In the context of *Younger*, bad faith generally means that a prosecution has been brought "without a reasonable expectation of obtaining a valid conviction." *Applied Underwriters, Inc. v. Lara*, 37 F.4th 579, 596–97 (9th Cir. 2022) (noting bad faith might be shown where state proceeding brought with "no legitimate purpose," based on evidence of "repeated harassment by enforcement authorities with no intention of securing a conclusive resolution," and where there is evidence of "pecuniary bias by the tribunal").

4

1          If *Younger* applies, the question becomes whether to dismiss or stay the claims. Generally,

2   claims seeking damages must be stayed and not dismissed. *See, e.g., Herrera v. Cty. of Palmdale*,

3   918 F.3d 1037, 1042 (9th Cir. 2019) (noting the district court dismissed claims for

4   injunctive and declaratory relief, but stayed damages claims).

## DISCUSSION

### I.   SAN JOSE DEFENDANTS' MOTION

#### A.   *Younger* Abstention

The San Jose Defendants argue, first, that his case must be stayed under *Younger* given the pending criminal charges against Floyd because of the interplay between his allegations of false and unconstitutional arrest and his challenges to the open-carry laws. Each of the four *Younger* criteria are satisfied: (1) there is a state-initiated proceeding that is ongoing; (2) the criminal proceeding implicates important state interests; (3) Floyd is not barred from litigating his federal constitutional issues in the state proceeding; and (4) allowing this action to proceed would interfere with the state court proceedings.

Floyd opposes *Younger* abstention, contending that he is in fact barred from litigating his federal constitutional claims in the state court proceedings. He argues that he has been prevented from litigating his claim in the state court proceedings because: (i) his *Pitchess* motion was granted only in limited part[4]; (ii) his "Racial Injustice Motion" raising "constitutional problems" with California statutes regulating firearms was denied; and (iii) only California courts of appeal can declare California laws unconstitutional. But simply because his motions in Superior Court were denied does not mean that he is precluded from litigating his claims there. That he may not secure rulings on his constitutional claims until he secures a ruling from a California court of appeal does not mean that he has not been able to litigate those claims in state court.

Floyd also argues that the bad faith exception to *Younger* applies because: (i) his Santa Clara public defender investigator has not adequately investigated his case; (ii) the District Attorney amended the misdemeanor charge to a felony charge in response to and in retaliation for

---

[4] A motion pursuant to *Pitchess v. Superior Ct.*, 11 Cal. 3d 531 (1974) is a motion for discovery seeking information from a police officer's otherwise confidential employment file.

Floyd's motion to suppress; (iii) his motion to dismiss for vindictive prosecution was denied; (iv) the Santa Clara Superior Court refused to file or otherwise accept some of his motions (including recusal motions); (v) the District Attorney refused to provide discovery or respond to motions to compel; and (vi) judges in the Superior Court incorrectly applied the rules of evidence in his proceedings. Dkt. No. 42 at 8-11. Again, while Floyd disagrees with how the Santa Clara Superior Court (and his former counsel) handled his case and ruled on his motions, that does not rise to the level of bad faith. *See e.g., Dominguez v. California*, No. 20-CV-01685-JD, 2020 WL 3892875, at *2 (N.D. Cal. July 10, 2020) (applying *Younger* abstention despite "many allegations about inconsistent statements from witnesses, biased police reports and adverse rulings from the trial judge").

Floyd also moves to strike the defendants' replies discussing *Younger*, pointing to other instances where his motions were "improperly handled" by Santa Clara Superior Court judges. Dkt. No. 47 at 4-5; Dkt. No. 49. The San Jose Defendants argue that Floyd's motion to strike filings are improper sur-replies. Dkt. No. 48. That may be, but even after considering Floyd's motion to strike filings in full, my conclusion does not change; *Younger* abstention is appropriate here. The arguments about the state court judges misapplying law or mishandling his filings are appropriately raised, in the first instance, in the Superior Court or on appeal through the California court system. Floyd has not shown either that he has been barred from raising his constitutional claims in state court or that the state court is acting in bad faith in connection with the criminal proceedings pending against him.

I understand that Floyd is frustrated by his current situation, he sincerely believes that he has been deprived of his constitutional rights, and he is upset about being forced to stay in state court while his criminal proceedings continue. But after considering all of the arguments he has raised and reviewing the record of the Superior Court proceedings he has provided, there is no doubt that a *Younger* stay is appropriate until the underlying criminal proceedings are resolved.[5]

---

[5] Because I agree with the San Jose Defendants that a *Younger* stay is appropriate, I do not reach their additional arguments that Floyd has failed to adequately allege his claims against the individuals and his *Monell* claim against the entities.

The San Jose Defendants' motion to stay under *Younger*, joined by the California defendants, is GRANTED. Floyd's motion to strike is DENIED.

**B. Motion Regarding the State Court Protective Order**

In support of his claims, Floyd seeks to file under seal information regarding the San Jose officers secured through a *Pitchess* motion in his state court proceedings. Dkt. No. 15. The information was filed by Floyd conditionally under seal as it was produced in the state court proceeding under a protective order limiting the use of information to the criminal proceedings. *Id*. The San Jose Defendants argue that the information at issue should be disregarded because it was produced in violation of the protective order that can be modified only by the Superior Court and because the information is irrelevant to the claims asserted in this case.

Floyd filed a separate response to San Jose Defendants' position regarding the motion to seal. Dkt. No. 38. Floyd contends that since the San Jose City Attorney's office represents the officers in connection with both the *Pitchess* proceedings and in this case, there is no harm to using the records in this proceeding despite the clear limits of the protective order. Floyd also contends that government agencies have a history of "overzealous" use of protective orders and claims the Superior Court judge who oversaw Floyd's *Pitchess* motion unfairly denied Floyd access to "many" of the categories of information he sought. *Id*. at 6-7. He again identifies rulings in the underlying state court criminal proceeding that he believes show the state court judges' prejudice and bias against him, including the Superior Court denying his request for a hearing in support of his *Pitchess* motion and the failure of the Superior Court to timely file or accept motions he has filed in the criminal proceedings. *Id*. at 7-9.

I GRANT the administrative motion to seal the *Pitchess* materials, given the governing protective order, but I will not consider those materials in connection with the motions pending before me. The content of the San Jose officers' employment files is not relevant to either the *Younger* abstention issue decided above or the California Defendants' motion discussed below.

**II. CALIFORNIA DEFENDANTS' MOTION**

While I have granted the defendants' motion to stay under *Younger*, I write briefly to explain to why some of the claims Floyd attempts to assert against the State of California must be

dismissed.

### A.     Attorney General

The California Attorney General, not the State of California, is the appropriate defendant to defend Floyd's stayed claims challenging the constitutionality of California Penal Code provisions.  *See Arizonans for Official English v. Arizona*, 520 U.S. 43, 69 (1997) (states are not persons for purposes of 42 U.S.C. § 1983).  However, damages claims cannot be asserted against the California Attorney General for "official capacity" claims, *e.g*., against the Attorney General as the top law enforcement officer in California.  *See id*., 520 U.S. at 69 n.24 (state officials sued in their official capacity for damages are not persons for purposes of section 1983).  Instead, where a plaintiff challenges the constitutionality of a state law, state officials like the California Attorney General may be sued in their official capacity for injunctive relief under 42 U.S.C. § 1983.  *See Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 n. 10 (1989).  While damages claims under section 1983 can be brought against the Attorney General in his individual capacity, any such claims must be based on acts the Attorney General *personally* committed, not merely because he is the top law enforcement official whose office enforces allegedly unconstitutional statutes.

Therefore, the damages claims asserted against the "State of California" are dismissed without leave to amend.  Once the stay is lifted in this case, Floyd will need to file an amended complaint clarifying that the Attorney General is sued in his official capacity for injunctive relief related to the challenged Penal Code provisions.  Floyd may also allege any direct, personal acts of a state defendant in order to attempt to plead a damages claim against him or other California officials in their personal capacities.

### B.     Section 1981 Claim

The Attorney General moves to dismiss Floyd's 42 U.S.C. § 1981 claim (FAC at 3-4), because neither the Attorney General nor any other official in California is an appropriate defendant for this claim.  In addition, Floyd has not alleged any facts showing that a particular state official prevented or sought to prevent Floyd from entering or enforcing contracts based on a discriminatory motive.  *See Johnson v. Ry. Express Agency, Inc*., 421 U.S. 454, 459-60 (1975) (section 1981 prohibits racial discrimination by *private actors*); *Gen. Bldg. Contractors Ass'n, Inc.*

8

*v. Pennsylvania*, 458 U.S. 375, 391 (1982) (section 1981 only prohibits intentional discrimination). The Attorney General is correct. The Section 1981 claim against the Attorney General/State is California is DISMISSED without leave to amend.

**C.     Challenges Under 34 U.S.C. § 12601(a) and 18 U.S.C. § 242**

The FAC is a little unclear, but to the extent Floyd attempts to argue that the California Attorney General has violated 34 U.S.C. § 12601(a) and/or 18 U.S.C. § 242, those claims are DSIMISSED without leave to amend. There is no private right of action under these statutes. *Gumber v. Fagundes*, No. 21-CV-03155-JCS, 2021 WL 4311904, at *5 (N.D. Cal. July 3, 2021), *report and recommendation adopted*, No. 21-CV-03155-PJH, 2021 WL 3563065 (N.D. Cal. Aug. 11, 2021) (discussing 34 U.S.C. § 12601); *Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir. 1980) (discussing 18 U.S.C. § 242). That means individuals cannot sue others for acts that might be in violation of these statutes; only a government official may bring charges against individuals under those statutes. Accordingly, claims against the Attorney General/State of California under 34 U.S.C. § 1260(a) and 18 U.S.C. § 242 are DISMISSED without leave to amend.

**D.     *Monell* Claim**

To the extent Floyd is asserting a *Monell* claim against the Attorney General/State of California, it must be dismissed because *Monell* provides for liability only against local governments and municipalities. *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 690 (1978) "[M]unicipalities and other local government units . . . [are] among those persons to whom § 1983 applies."); *see also Bd. of Cty. Comm'rs v. Brown*, 520 U.S. 397, 403 (1997); (explaining a *Monell* claims requires a plaintiff to demonstrate that the alleged constitutional deprivation was the product of a policy or custom of the local governmental body). Any *Monell* claim asserted against the Attorney General/State of California is DISMISSED without leave to amend.

**CONCLUSION**

Other than the claims against the Attorney General/State of California identified above that are dismissed without leave to amend, all other claims asserted against the California Defendants and the San Jose Defendants are STAYED pending resolution of the state court criminal proceedings. Within 30 days of the California criminal proceedings becoming final, the parties

shall e-file in this case a joint request to set a Case Management Conference and proceedings in this case will resume.

**IT IS SO ORDERED.**

Dated: July 25, 2022



William H. Orrick
United States District Judge