IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL DEVIN FLOYD,<br><br>    Plaintiff,<br><br>    v.<br><br>SAN JOSE POLICE DEPARTMENT, et al.,<br><br>    Defendants. | Case No. 22-cv-00751-CRB<br><br>**ORDER DENYING MOTION FOR ENTRY OF FINAL JUDGMENT AND GRANTING IFP STATUS ON APPEAL** |

Plaintiff Michael Devin Floyd seeks damages under 42 U.S.C. § 1983 based on the allegation that San Jose police officers violated his Second, Fourth, Fifth, Sixth, Eighth, and Fourteenth Amendment rights when they stopped and searched his car, allegedly used excessive force, and arrested him. See FAC (dkt. 14). Based on that incident, Floyd was criminally charged in California court with violation of California Penal Code sections 25400(a)(1) (for carrying a concealed firearm in a vehicle) and 417(a)(2) (for exhibiting the firearm in the presence of a third party). See RJN (dkt. 36) Ex. A & C; People of the State of California v. Michael Devin Floyd, Felony Complaint, Case No. C2111237.

This case was recently related to another action before the undersigned judge. See Dkt. 60; Floyd v. San Jose Police Dept., et. al, No. 22-cv-750-CRB. Prior to relation, Judge Orrick held that Floyd's "allegations of false and unconstitutional arrest and his challenges to the open-carry laws" would interfere with the pending state criminal proceeding and stayed this case under Younger v. Harris, 401 U.S. 37 (1971). See Order Staying Case (dkt. 56) at 5. Judge Orrick concluded that each of the four Younger factors were met and that the bad-faith exception did not apply. Id. at 5-6. This Court agrees that

this is a clear-cut case for Younger abstention.  See, e.g., ReadyLink Healthcare, Inc. v. State Comp. Ins. Fund, 754 F.3d 754, 759 (9th Cir. 2014).

Floyd now moves for entry of final judgment under Rule 54(b) in order to appeal. Mot. for Entry of Judgment (dkt. 59); see Dkt. 62 (similar filing styled as a motion for judgment on the pleadings).  He also moves for in forma pauperis status on appeal and for a waiver of PACER fees.  IFP Mot. (dkt. 54); PACER Mot. (dkt. 55).

The Court DENIES Floyd's motion for final judgment because a stay order is not a final judgment under Rule 54.  Nor is this case the rare sort of stay order that qualifies as "final for purposes of appellate jurisdiction" because it puts the litigant "effectively out of court."  Herrera v. City of Palmdale, 918 F.3d 1037, 1042 (9th Cir. 2019) (quoting Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp., 460 U.S. 1, 9 (1983)).  Floyd can resume litigating his damages claims as soon as the pending state criminal proceeding has run its course.  See Gilbertson v. Albright, 381 F.3d 965, 969 & n.4 (9th Cir. 2004) (en banc).

The Court nonetheless GRANTS Floyd in forma pauperis status on appeal and GRANTS a waiver of PACER fees should he desire to attempt an interlocutory appeal to the Ninth Circuit.

**IT IS SO ORDERED.**

Dated: August 4, 2022

CHARLES R. BREYER
United States District Judge