IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL DEVIN FLOYD,<br><br>    Plaintiff,<br><br>        v.<br><br>SAN JOSE POLICE DEPARTMENT, et al.,<br><br>    Defendants. | Case No. 22-cv-00751-CRB<br><br>**SUMMARY REMAND ORDER AND ORDER DENYING LEAVE TO FILE A MOTION FOR RECONSIDERATION** |

This case was stayed under Younger v. Harris, 401 U.S. 37 (1971) because entertaining pro se Plaintiff Michael Devin Floyd's federal claims at this time would interfere with his pending state criminal prosecution for (inter alia) carrying a concealed firearm in a vehicle. Order Staying Case (dkt. 56) at 5; People of the State of California v. Michael Devin Floyd, Felony Complaint, Case No. C2111237.

Floyd has now filed a putative notice of removal of his state criminal prosecution. See Notice of Removal (dkt. 70). He also asks for leave to file a motion for reconsideration of the order granting the Younger stay. See Mot. for Leave (dkt. 71). Neither filing has any merit. The Court denies the motion for leave to file because the prior decision was correct and Floyd does not satisfy any ground for reconsideration listed in Local Rule 7-9(b). Removal is manifestly inappropriate both because it is procedurally barred and it lacks any substantive basis.

When a notice of removal of a criminal actions is filed, the district court must "examine the notice promptly. If it clearly appears on the face of the notice and any exhibits annexed thereto that removal should not be permitted, the court shall make an

order for summary remand." 28 U.S.C. § 1455(b)(4); see, e.g., State v. Tennant, 262 F. Supp. 3d 831, 834 (S.D. Iowa 2017). Here, the Court orders a summary remand for two independent reasons.

First, the notice of removal is procedurally barred. "A notice of removal of a criminal prosecution shall be filed not later than 30 days after the arraignment in the State court, or at any time before trial, whichever is earlier, except that for good cause shown the United States district court may enter an order granting the defendant or defendants leave to file the notice at a later time." 28 U.S.C. § 1455(b)(1) (emphasis added). Floyd was arraigned almost a year ago. See First Arraignment (dkt. 70-3). There is no good cause shown for this late filing, so the Court does not grant him leave to file this notice.

Second, even if the notice were timely, Floyd lacks a substantive ground for removal. The civil rights removal statute permits removal of state criminal prosecutions "[a]gainst any person who is denied or cannot enforce in the courts of such State a right under any law providing for the equal civil rights of citizens of the United States, or of all persons within the jurisdiction thereof." 28 U.S.C. § 1443(1). The Supreme Court has held that a removal petition requires (1) that the right denied arises under "a federal law providing for specific civil rights stated in terms of racial equality"; and (2) that the defendant is "denied or cannot enforce the specified federal rights in the courts of the State." Johnson v. Mississippi, 421 U.S. 213, 219 (1975) (emphasis added) (cleaned up).

Floyd does not come close to satisfying this test. He contends that his state trial is not proceeding quickly enough, that the state judges wrongly denied his motions, and that his due process rights were violated. See Notice of Removal at 5-13. But a violation of a right of "general applicability" is insufficient. Johnson, 421 U.S. at 219. And even if a specific right to racial equality were at issue, Floyd does not (and cannot) suggest that it cannot be enforced in California courts. See id. Simply put, Floyd is "an ordinary citizen who complains of ordinary state prosecution for violation of state law." See Tennant, 262

F. Supp. 3d at 834.[1]

For the foregoing reasons, the Court DENIES leave to file a motion for reconsideration and summarily REMANDS back to state court. The Court will entertain no further filings from Floyd regarding the Younger stay until the state proceeding has run its course. And, if Floyd is thinking about filing another notice of removal, the Court suggests that he take heed of the statutory requirement (which this Court will enforce) that a "second notice may be filed only on grounds not existing at the time of the original notice." 28 U.S.C. § 1455(b)(2) (emphasis added).

**IT IS SO ORDERED.**

Dated: September 1, 2022

CHARLES R. BREYER
United States District Judge

---

[1] And Section 1443(2) clearly does not apply because removal under that provision "is only available if the defendant is a state or federal officer or a person assisting such an officer." ASAP Copy & Print v. Canon Bus. Sols., Inc., 643 F. App'x 650, 652 (9th Cir. 2016) (citing City of Greenwood v. Peacock, 384 U.S. 808, 815, 824 n.22 (1966)).