**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

JUL 25 2023

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| MICHAEL DEVIN FLOYD,<br><br>           Plaintiff-Appellant,<br><br>  v.<br><br>SAN JOSE POLICE DEPARTMENT; CITY OF SAN JOSE, City Clerk; CITY OF SAN JOSE, OFFICE OF THE CITY ATTORNEY; JOSHUA WHITE, SJPD Officer; DAKOTA PETERS, SJPD Officer; EUGENE ITO, SJPD Sergeant; DAVID MORENO, SJPD Officer; STATE OF CALIFORNIA,<br><br>           Defendants-Appellees. | No. 22-16243<br><br>D.C. No. 3:22-cv-00751-CRB<br><br>MEMORANDUM* |

Appeal from the United States District Court
for the Northern District of California
Charles R. Breyer, District Judge, Presiding

Submitted July 18, 2023**

Before:    SCHROEDER, RAWLINSON, and BADE, Circuit Judges.

Michael Devin Floyd appeals pro se from the district court's order staying

---

     *    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

     **   The panel unanimously concludes this case is suitable for decision without oral argument.  See Fed. R. App. P. 34(a)(2).

his 42 U.S.C. § 1983 action alleging constitutional violations in connection with his arrest. We have jurisdiction under 28 U.S.C. § 1291. We review de novo the district court's abstention determination under *Younger v. Harris*, 401 U.S. 37 (1971). *Bean v. Matteucci*, 986 F.3d 1128, 1132 (9th Cir. 2021). We affirm.

The district court properly stayed Floyd's action under the *Younger* abstention doctrine because federal courts are required to abstain from interfering with pending state judicial proceedings where the federal action would have the practical effect of enjoining the state judicial proceeding. *See Matteucci*, 986 F.3d at 1133 (setting forth requirements for *Younger* abstention). Floyd also failed to show that an exception to *Younger* applies. *See Arevalo v. Hennessy*, 882 F.3d 763, 765-66 (9th Cir. 2018) (explaining that federal court may decline to invoke *Younger* abstention upon a showing of "bad faith, harassment, or some other extraordinary circumstance").

We do not consider Floyd's contentions that are outside the scope of this appeal.

All pending motions are denied.

**AFFIRMED.**